UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No: 6:09-cr-264-JSS-LHP-1

OTIS ALEX JONES,

    Defendant.
_____/

## ORDER

Defendant, Otis Alex Jones, proceeding pro se, moves for the early termination of his supervised release. (Dkt. 99.) He bases his one-paragraph-long motion on his purportedly life-threatening health conditions, including high blood pressure and kidney failure. (*Id.*) Jones states that he has been hospitalized, received a blood transfusion, and undergone emergency dialysis. (*Id.*) The government opposes the motion for several reasons. (Dkt. 101.) According to the government, Jones "is not fully caught up with his restitution payments" and has not furnished medical documentation confirming his health conditions. (*Id.* at 2.) Further, he has served only one year of a five-year term of supervised release, was convicted of the serious offense of armed bank robbery, and has an extensive criminal history. (*Id.*) Accordingly, the government contends, Jones will benefit from "additional supervision . . . in making the transition to a law-abiding life after a lengthy term of incarceration," and he "can seamlessly continue on supervised release even if dealing

with health conditions." (*Id.*) Upon consideration, for the reasons outlined below, the court agrees with the government and thus denies Jones's motion.

Jones was convicted of an April 10, 2009 bank robbery, in violation of 18 U.S.C. § 2113(a), and an April 29, 2009 armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). (Dkt. 56 at 1.) The court held a sentencing hearing on November 17, 2010. (Dkt. 67.) At that time, Jones, represented by counsel, acknowledged his extensive criminal history but attributed it to his cocaine addiction. (*Id.* at 6.) He also acknowledged that the sentencing guidelines recommended fifteen to nineteen years in prison, but he requested a ten-year term of imprisonment given his addiction and his ability to change. (*Id.* at 8–9.) The government sought a guideline sentence and asserted that Jones's commission of the bank robberies "represent[ed] an unfortunate and serious departure into the realm of violent criminal offenses," that Jones "hurt his family members who" provided evidence against him, and that he demonstrated "a complete lack of acceptance of responsibility." (*Id.* at 9.) After considering the parties' arguments, as well as the nature of the offenses, Jones's history and characteristics, and the sentencing guidelines, the court sentenced Jones to 215 months (approximately eighteen years) in prison, to be followed by five years of supervised release. (*Id.* at 10; Dkt. 56 at 2–3.) The court also ordered Jones to pay $22,612 in restitution in addition to a $200 special assessment. (Dkt. 56 at 4; Dkt. 67 at 10.) The government reports that Jones started serving his term of supervised release on August 16, 2024. (Dkt. 101 at 1.) The conditions of supervised release include random drug testing. (Dkt. 56 at 3.)

"Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). A court "may . . . terminate a term of supervised release . . . at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Before doing so, however, the court must consider the factors laid out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) and must be satisfied that the defendant's conduct and the interests of justice warrant the early termination of supervised release. 18 U.S.C. § 3583(e). The pertinent section 3553 factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; the sentencing guidelines and policy statements issued by the United States Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants"; and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7). The court has considered these factors and determined that they counsel against the early termination of Jones's supervised release.

"Bank robbery is a very serious offense." *United States v. Creason*, 384 F. App'x 909, 912 (11th Cir. 2010). As such, it requires deterrence. *See id.* Further, given his history of cocaine addiction, Jones will benefit from the random drug testing

required during his supervised release. *Cf. United States v. Moultrie*, 852 F. App'x 494, 495 (11th Cir. 2021) ("[A] sentencing court is permitted to consider whether an offender could benefit from rehabilitation—including substance-abuse treatment—when deciding whether to impose a term of supervised release."). The court also agrees with the government that Jones can continue on supervised release even if he has serious health conditions. Indeed, Jones reports that he has received treatment for his conditions while on supervised release. (Dkt. 99.) *See United States v. Abuhouran*, 398 F. App'x 712, 715 (3d Cir. 2010) (summarily affirming the denial of a motion for early termination of supervised release when the pro se defendant failed to submit "any evidence that he ha[d] been unable to secure adequate medical care while on supervised release"). Accordingly, Jones's motion (Dkt. 99) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 24, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record